IN THE COURT OF COMMON PLEAS
SCIOTO COUNTY, OHIO

FILED

| | |
|---|---|
| AMBER KOLLEDA<br>c/o Sean H. Sobel<br>Sobel, Wade & Mapley, LLC<br>65 Erieview Plaza, Suite 610<br>Cleveland, Ohio 44118<br><br>Plaintiff,<br><br>v.<br><br>RK HOLDINGS, LLC dba Rural King<br>CT Corporation System<br>4400 Easton Common Way Ste. 125<br>Columbus, Ohio 43219<br><br>Defendant. | ) CASE NO. 25CIH00649<br>)<br>) JUDGE Kuhn<br>)<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>) **(Jury Demand Endorsed Hereon)**<br>)<br>)<br>)<br>)<br>) |

2025 DEC -8 P 3:18
Kathy L. Shupert
CLERK OF COURTS
SCIOTO COUNTY, OHIO

**PARTIES AND JURISDICTION**

1. Plaintiff Amber Kolleda is an Ohio resident.

2. Kolleda is an "employee" within the meaning of Chapter 4112 of the Ohio Rev. Code.

3. Defendant RK Holdings, LLC ("Rural King") is an Illinois corporation which operates a Rural King store location in Portsmouth, Ohio.

4. At all times material herein, Rural King was Kolleda's "employer" within the meaning of R.C. § 4112.01(A)(2).

5. The conduct and injuries giving rise to the claims below arose in Scioto County, Ohio.

6. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission, specifically, Charge No. DAY76(013958)04132025.

7. Kolleda has properly exhausted her administrative remedies.

8. Personal jurisdiction is proper over the Defendant pursuant to R.C. § 2307.382(A)(1).

THE STATE OF OHIO
SCIOTO COUNTY, SS.
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL DOCUMENT NOW ON FILE IN MY OFFICE WITNESS MY HAND SEAL OF SAID COURT.
DOCUMENT

KATHY L. SHUPERT
CLERK OF THE COURTS OF
COMMON PLEAS WITHIN
AND FOR SCIOTO COUNTY

DEC 0 8 2025

KATHY L. SHUPERT, CLERK

BY _____ DEPUTY

9. Venue is proper pursuant to Civ.R. 3(B)(3).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

11. Kolleda incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

12. On or about December 18, 2024, Kolleda was hired by Rural King.

13. Kolleda was hired as a Sales Consultant.

14. When Kolleda was first hired, she was warned by several co-workers about her manager, Bill Cantrell.

15. Kolleda was warned never to be alone with Cantrell, and was informed of multiple areas around the work site where camera visibility was limited and was warned by co-workers to stay out of those areas when Cantrell was present.

16. During her employment, Kelleda was informed of several complaints against Cantrell, including an incident with a minor female.

17. In or around early January, 2025, Kolleda was speaking with Cantrell and mentioned she needed to find a new belt.

18. Cantrell responded "Why? Are you having trouble keeping your pants on?" while looking directly at Kolleda's backside.

19. Kolleda reported this comment the same day to Alicia (last name unknown) in Rural King's Human Resources Department, but never heard back in any manner from Rural King.

20. In or around February 2025, Kolleda was assigned to work in the Gun Barn with Cantrell.

21. Kolleda was assisting a customer and left to load heavy items into the customer's cart.

2

22. The customer approach Cantrell and commented that he should be helping Kolleda.

23. Cantrell then approached Kolleda and stated "women should be doing more tedious work" and "you can't be expected to lift since you're a girl."

24. Kolleda responded that she had already finished loading the items.

25. Cantrell became increasingly escalated, raising his voice and yelling "women belong in the kitchen."

26. Kolleda walked away to avoid further confrontation and reported this incident to Dustin Colley, Store Manager.

27. Again, Kolleda received no response whatsoever from Rural King.

28. In or around early April, 2025, Kolleda observed a group of female employees warning a new female hire about Cantrell.

29. Kolleda joined the discussion and stated that Kolleda had received a similar warning when she started her employment, and also encouraged the new employee to keep herself safe and at a distance from Cantrell.

30. On or about April 11, 2025, Kolleda was informed that she was being terminated for "sharing confidential information" with the new employee.

31. Rural King's stated reason for firing Kolleda was purely pretextual and she was actually terminated for reporting sexual harassment and gender discrimination.

### FIRST CAUSE OF ACTION
(Hostile Work Environment)

32. Kolleda incorporates by reference the allegations from the preceding paragraphs, as if fully realleged herein.

33. Because Kolleda is female, she is a member of a protected class for the purposes of R.C. § 4112.02.

3

34. Defendant subjected Kolleda to a hostile work environment in the form of unwelcome and offensive sexual comments made on the basis of Kolleda's gender.

35. Defendant created and sustained an environment of severe, pervasive, and unwelcome comments and behavior on the basis of gender, sufficient to interfere with the terms and conditions of Kolleda' employment, in violation of R.C. § 4112.02.

36. As a direct and proximate result of the Defendant's unlawful conduct, Kolleda suffered and will continue to suffer damages.

## SECOND CAUSE OF ACTION
### (Retaliation)

37. Kolleda incorporates by reference the allegations from the preceding paragraphs, as if fully realleged herein.

38. Kolleda's complaints of hostile work environment and gender discrimination, were protected activity under R.C. § 4112.02

39. In retaliation for Kolleda's complaints of hostile work environment and gender discrimination, Defendant created a pretextual basis to suspend and subsequently terminate Kolleda's employment.

40. As a result of Defendant's unlawful conduct, Kolleda has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## THIRD CAUSE OF ACTION
### (Race Discrimination)

41. Kolleda incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

42. Defendant treated Kolleda, who is female, different than male employees in the same position by subjecting her to discriminatory comments about gender, and terminating her employment for pretextual reasons.

43. Defendant discriminated against Kolleda with respect to the terms and conditions of her employment, on the basis of gender.

44. As a result of the gender discrimination, Kolleda suffered and will continue to suffer damages.

## **PRAYER FOR RELIEF**

Plaintiff Amber Kolleda seeks judgment against Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, interest, all reasonable attorney's fees, costs and expenses, and any other relief that this Court may deem necessary and proper.

Respectfully Submitted,

*s/ Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
65 Erieview Plaza, Suite 610
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

*Counsel for Plaintiff Amber Kolleda*

## **JURY DEMAND**

Plaintiff Amber Kolleda demands a trial by jury by the maximum number of jurors permitted.

*s/ Sean H. Sobel*
Sean H. Sobel (0086905)

*Counsel for Plaintiff Amber Kolleda*
